**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0649-17T3

JUDY THORPE,

    Plaintiff-Appellant,

v.

JUSTIN SWIDLER, ESQ., and
KARPF, KARPF & VIRANT, PC,

    Defendants-Respondents.

_____

Argued March 6, 2019 – Decided May 7, 2019

Before Judges Koblitz, Currier, and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0274-17.

Judy Thorpe, appellant, argued the cause pro se.

Stephen T. Bissell argued the cause for respondents (Rebar Bernstiel, attorneys; Cathleen Kelly Rebar and Stephen T. Bissell, of counsel and on the brief).

PER CURIAM

Plaintiff Judy Thorpe appeals from the orders denying her leave to file an amended complaint and the subsequent dismissal of the complaint. After reviewing her contentions in light of the record and applicable principles of law, we affirm.

We provided a thorough recitation of the facts in a prior decision in this matter, and therefore do not repeat them here. Thorpe v. State Juvenile Justice Comm'n, Nos. A-0104-11, A-5603-11 (App. Div. June 10, 2015). We include only a brief background necessary for the reader's comprehension.

Plaintiff began working as a nurse for the New Jersey Juvenile Justice Commission (JJC) in 2005. Over the next several years, she filed several complaints with the Equal Employment Opportunity Office (EEO) of the New Jersey Department of Law and Public Safety. The complaints alleged discrimination based on her age, race, and unlawful retaliation in violation of the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49; violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 to 12213; and sexual harassment. EEO's investigations found the allegations meritless. The Civil Service Commission affirmed.

In a four-month span, numerous subordinates filed harassment complaints against plaintiff. The JJC served plaintiff with multiple notices of disciplinary

A-0649-17T3

action, charging her with insubordination and conduct unbecoming a public employee. When plaintiff refused to comply with the procedures necessary to return to work following a medical leave, the JJC sought to terminate her for failure to follow sick leave procedures, insubordination, and "other sufficient cause."

After a hearing officer sustained the charges, plaintiff was terminated from her employment in 2008. She appealed, and the arbitrator found the JJC had just cause to terminate plaintiff. Plaintiff subsequently filed unfair practice charges against the JJC and her union with the Public Employment Relations Commission (PERC). PERC determined plaintiff's challenge to the arbitrator's decision was meritless.

In 2008, plaintiff retained defendants Justin Swidler, Esq. and Karpf, Karpf & Virant, PC to represent her in a pursuit of her employment discrimination matter before the New Jersey Superior Court. Defendants filed a complaint against the JJC and others, alleging violations of the LAD, the Family Medical Leave Act (FMLA), 29 U.S.C. § 2615 (a)(1), and the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14.

After granting defendants summary judgment, the trial court dismissed plaintiff's complaint in 2010. In affirming the trial court's order, we stated:

> In a thorough oral opinion, the [trial] judge found that all of plaintiff's claims had been unsuccessfully raised by her in her prior EEO complaints, and her Civil Service Commission, arbitration, and disciplinary proceedings. Therefore, the judge held that plaintiff was collaterally estopped from pursuing these same allegations in the Law Division. However, the judge went on to consider the merits of plaintiff's claims and found that plaintiff failed to establish a prima facie case of discrimination or retaliation under the LAD, CEPA, FMLA, or the common law.
>
> [Thorpe, slip op. at 11].

After a de novo review, we agreed that plaintiff failed to establish her allegations of discrimination or retaliation. In addition, we found the JJC "presented overwhelming evidence that all of their actions regarding plaintiff were based on legitimate business considerations . . . [and] plaintiff failed to present sufficient evidence to show that [the JJC's] reasons for their employment actions were a pretext for unlawful discrimination." Id. at 16. We also found plaintiff's CEPA claims were meritless. Id. at 16-17.

The litigation before us arises out of plaintiff's suit against defendants filed in December 2016. In her complaint, plaintiff alleged multiple causes of action, including professional negligence regarding defendants' representation of her in the employment discrimination matter. Defendants moved to dismiss the complaint, contending the statute of limitations barred plaintiff's claims, and

4

plaintiff was collaterally estopped from asserting a legal malpractice action due to the myriad of decisions determining her underlying claims were meritless.

At plaintiff's request, defendants' motion was adjourned several times. Then, two days before the scheduled argument date, and over two months after the filing of defendants' motion, plaintiff filed a cross-motion seeking leave to file an amended complaint.[1]

In an oral decision on July 28, 2017, the trial judge first addressed plaintiff's motion. She determined the legal malpractice claim accrued, "at the latest, in early 2011 when plaintiff allege[d] she read the transcript of the summary judgment hearing and discovered defendants' [negligence]." Therefore, the proposed amended complaint filed in July 2017 was untimely under the six-year statute of limitations. See N.J.S.A. 2A:14-1. Because plaintiff's "proposed amended complaint set[] forth entirely new facts and events to support her claim," it could not relate back to the original filing date under Rule 4:9-3. The motion to file an amended complaint was denied.

---

[1] The motion judge described the proposed amended complaint as "entirely unlike the previous complaint in style and content." In contrast to the original six-page complaint, the sixteen-page proposed amended complaint contained a "ten page fact section with multiple subsections replete with allegations never before seen by the [c]ourt," including over 100 averments.

In turning to defendants' dismissal motion under <u>Rule</u> 4:6-2, the judge noted the original "complaint only contain[ed] factual allegations [of] professional negligence or legal malpractice." She stated:

> Because plaintiff's alleged damages flow from losing an employment discrimination case, she must ultimately [prove] that if defendants had not breached their duty of care, she would have been successful [in] that matter.
>
> . . . .
>
> Plaintiff could not have prevailed in any of her claims regardless of defendants' actions. . . . The Appellate Division found overwhelming evidence that plaintiff's employer dismissed her . . . for legitimate business reasons.

As a result, the judge dismissed the complaint with prejudice.[2] Subsequent motions for reconsideration and to vacate the July 21, 2017 orders were denied.

Plaintiff argues on appeal that the trial judge erred in denying her leave to amend the complaint and in granting defendants' motion for dismissal. We disagree.

Although a motion presented under <u>Rule</u> 4:9-1 should be liberally granted, it nevertheless remains within the court's discretionary purview whether to grant leave. <u>Kernan v. One Washington Park Urban Renewal Assocs.</u>, 154 N.J. 437,

---

[2] The orders are dated July 21, 2017.

A-0649-17T3

456-57 (1998). If it is clear that the amendment is meritless and cannot withstand dismissal under a <u>Rule</u> 4:6-2 application, it is not an abuse of discretion to deny the motion to amend. <u>Notte v. Merchs. Mut. Ins. Co.</u>, 185 N.J. 490, 501 (2006). It is "error to permit an amendment that fails to state a cause of action on which relief can be granted." Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 2.2.1 on <u>R.</u> 4:9-1 (2019) (citing <u>Howard v. Univ. of Med. & Dentistry of N.J.</u>, 172 N.J. 537, 559-60 (2002)).

After receiving defendants' motion for dismissal, plaintiff opposed the motion and requested several adjournments of the hearing. More than two months later, and just two days before the hearing, plaintiff moved for leave to amend her complaint. As the trial judge noted, the new complaint was "entirely unlike" the original complaint as it contained new legal theories premised on new factual allegations.

Plaintiff learned in December 2010 that summary judgment was granted to the defendants in the employment discrimination action; she stated she read the transcript of the summary judgment hearing in early 2011. Therefore, the statute of limitations expired, at the latest, in early 2017. Plaintiff did not move to amend her complaint until July 2017, after the expiration of the statute of limitations. The proposed amended complaint contained distinctly new and

different claims and factual allegations. Therefore, it could not relate back to the original complaint filing under <u>Rule</u> 4:9-3. <u>See</u> <u>Young v. Schering Corp.</u>, 275 N.J. Super. 221, 230-31 (App. Div. 1994). We cannot discern an abuse of discretion in the denial of the motion to amend.

In reviewing a <u>Rule</u> 4:6-2(e) dismissal, we employ the same standard as that applied by the trial court. <u>Donato v. Moldow</u>, 374 N.J. Super. 475, 483 (App. Div. 2005). Our review is limited to the "legal sufficiency of the facts alleged in the complaint." <u>Id.</u> at 482. (citing <u>Printing Mart-Morristown v. Sharp Elecs. Corp.</u>, 116 N.J. 739, 746 (1989)). We "assume the facts as asserted by plaintiff are true," and we give the plaintiff "the benefit of all inferences that may be drawn." <u>Banco Popular N. Am. v. Gandi</u>, 184 N.J. 161, 166 (2005) (quoting <u>Velantzas v. Colgate-Palmolive Co.</u>, 109 N.J. 189, 192 (1988)). "Where, however, it is clear that the complaint states no basis for relief and that discovery would not provide one, dismissal of the complaint is appropriate." <u>Cty. of Warren v. State</u>, 409 N.J. Super. 495, 503 (App. Div. 2009).

Plaintiff's argument that the trial court erred in dismissing her complaint lacks sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by the trial judge as reflected in her well-reasoned oral opinion of July 28, 2017. This court

8

previously determined that the JJC terminated plaintiff for legitimate business reasons. As a result, plaintiff could not, and did not, prove essential elements of her LAD and CEPA claims. Therefore, any allegations of negligence by defendants are immaterial. Their actions, right or wrong, could not change the deficiencies in plaintiff's claims. As she could not sustain a cause of action against defendants, her complaint was rightfully dismissed under Rule 4:6-2.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0649-17T3